# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GULF RESTORATION NETWORK, SIERRA CLUB, and CENTER FOR BIOLOGICAL DIVERSITY )<br><br>  *Plaintiffs*, )<br><br> v. )<br><br>RYAN ZINKE, in his official capacity as SECRETARY OF THE INTERIOR, JOSEPH R. BALASH, in his official capacity as ASSISTANT SECRETARY OF THE INTERIOR FOR LAND AND MINERALS MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR, and BUREAU OF OCEAN ENERGY MANAGEMENT, )<br><br>   *Defendants*. ) | Civil Action No. 18-cv-01674-RBW |

**CHEVRON U.S.A. INC.'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO INTERVENE IN SUPPORT OF DEFENDANTS**

Plaintiffs Gulf Restoration Network, Sierra Club, and Center for Biological Diversity ("Plaintiffs") do not dispute that Chevron U.S.A. Inc. ("Chevron"), and the American Petroleum Institute ("API") have demonstrated a valid interest in this matter and are entitled to intervention. Yet Plaintiffs argue that intervention should be conditional. Plaintiffs ask that the Court allow intervention only if Chevron and API "confine their arguments to the existing claims in this action and not interject new claims or stray into collateral issues," and submit joint briefs or share page limits. Plaintiffs' Combined Response (ECF No. 26) at 1, 3.

Plaintiffs' proposed restrictions are solutions in search of problems. The Court has ample authority to address concerns about duplicative or excessive briefing, if needed, as this case progresses. Similarly, the Court has mechanisms to address extraneous claims or arguments, should they arise. There is simply no need for the Court to act in advance on issues that may never arise.

Legal as well as pragmatic considerations weigh against Plaintiffs' request. As API explains, allowing intervenors to participate fully in litigation best serves the purposes of Federal Rule of Civil Procedure 24. API Reply (ECF No. 27) at 2. Chevron joins the positions advanced in the API Reply in opposition to Plaintiffs' proposed restrictions on intervenor participation.

Plaintiffs request that Chevron and API "confine their arguments to the existing claims in this action and not interject new claims or stray into collateral issues." Plaintiffs' Combined

1

Response (ECF No. 26) at 1, 3. Confining prospective intervenors' "arguments" runs contrary to both judicial efficiency and the Federal Rules' purposes in allowing intervention. *See* API Reply at 2, 4-5. Preemptively banning "new claims," "arguments," and "collateral issues"—particularly at this early stage—risks cutting off relevant important issues before they are even identified. Doing so is also at odds with the jurisprudential goal of consolidating related issues and claims to promote consistency and efficiency. More simplistically, the Court can address any extraneous or inappropriate claims when they arise, and thus avoid the possibility of denying Chevron's and API's ability to vindicate their interests.

Similarly, Plaintiffs' request that the Court require joint briefing or impose page limits is, at best, premature. Although district courts enjoy a wide range of discretion in setting the terms of case management, *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010), the case law highlights an aversion to mandating joint briefing among intervenors.[1] When "the efficient adjudication of [an] action may be met through the imposition of less onerous conditions," joint briefing is not appropriate.[2] Less onerous conditions are available here, if needed. If, as Plaintiffs speculate, a flood of parties seek intervention, the Court may direct the parties to coordinate to avoid duplicative briefing or, if necessary, the Court may impose briefing requirements. Thus, Plaintiffs' request to condition intervention on joint briefing or page limits should be denied.[3]

## CONCLUSION

Plaintiffs' proposed conditions serve no logical purpose and would not advance efficiency. Moreover, imposing these conditions would be antithetical to the purpose of intervention. Chevron respectfully requests that the Court grant its motion to intervene without imposing Plaintiffs' additional conditions.

---

[1] *See* API Reply at 2-4. *See also Ctr. for Biological Diversity v. Zinke*, No. 3:17-CV-00091-JWS, 2017 WL 3209459, at *3 (D. Alaska July 28, 2017) (requiring joint briefing "might prevent the court from gaining a full understanding of the issues raised in the litigation"); *Ctr. for Biological Diversity v. Jewell*, No. 16-CV-01932-MSK-STV, 2017 WL 4334069, at *4 (D. Colo. Mar. 24, 2017) (declining to impose joint briefing requirements on intervenors); *S. New England Tel. Co. v. Perlermino*, No. 3:09-CV-1787-WWE, 2010 WL 1792196, at *1 (D. Conn. Apr. 29, 2010) (same); *United States v. Hoffman*, No. CV-04-5128-AAM, 2005 WL 8158763, at *1 (E.D. Wash. Jan. 14, 2005) (same).

[2] *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010).

[3] Chevron, like API, appreciates the value in efficient briefing. Chevron has intervened separately, however, to defend its direct, individualized interests in bids for Lease Sales 250 and 251. Those interests are different than those of API, which, by contrast, represents those interests that are common to its varied membership. Chevron is but one of API's members. Because Chevron and API have "potentially diverging interests," a joint briefing requirement is inappropriate, particularly at this stage of litigation. *Nat. Res. Def. Council v. McCarthy*, No. 16-CV-02184-JST, 2016 WL 6520170, at *6 (N.D. Cal. Nov. 3, 2016).

Respectfully submitted this 5th day of October, 2018.

>/s/ Charles J. Engel_____
>Charles J. Engel, III (D.C. Bar 359482)
>Cynthia A.M. Stroman (D.C. Bar 465216)
>KING & SPALDING LLP
>1700 Pennsylvania Avenue, NW
>Washington, DC 20006
>Telephone: (202) 737-0500
>Facsimile: (202) 626-3737
>tengel@kslaw.com
>cstroman@kslaw.com
>
>/s/ John C. Martin_____
>John C. Martin (D.C. Bar 358679)
>Susan Mathiascheck (D.C. Bar 426754)
>Sarah C. Bordelon (D.C. Bar 987135)
>Holland & Hart, LLP
>975 F Street, NW
>Washington, D.C. 20004
>JCMartin@hollandhart.com
>SMMathiascheck@hollandhart.com
>SCBordelon@hollandhart.com
>Telephone:  (202) 654-6915
>Facsimile:  (202) 393-6551
>
>***Attorneys for Chevron U.S.A. Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2018, I served a true and correct copy of the foregoing Reply Memorandum in Support of Chevron U.S.A. Inc.'s Motion to Intervene in Support of Defendants to be filed with the Court electronically and served by the Court's CM/ECF system upon listed counsel for the Plaintiffs, Federal Defendants, and proposed Intervenor American Petroleum Institute:

Christopher D. Eaton. Esq.
Stephen D. Mashuda, Esq.
EARTHJUSTICE
705 Second Avenue
Suite 203
Seattle, WA 98104
Tel: (206) 343-7340
Fax: (206) 343-1526
ceaton@earthjustice.org
smashuda@earthjustice.org
*Counsel for Plaintiffs*

Brettny Elaine Hardy, Esq.
EARTHJUSTICE
50 California Street
Suite 500
San Francisco, CA 94111
Tel: (415) 217-2142
Fax: (415) 217-2040
bhardy@earthjustice org
*Counsel for Plaintiffs*

Thomas W. Ports, Jr., Esq.
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 305-0492
Fax: (202) 305-0506
Thomas.Ports.Jr@usdoj.gov
*Counsel for Federal Defendants*

Steven J. Rosenbaum, Esq.
Covington & Burling, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Tel: (202) 662-6000
Fax: (202) 662-6291
srosenbaum@cov.com
*Counsel for Proposed Intervenor American Petroleum Institute*

                                              */s/ John C. Martin*_____
                                              John C. Martin