# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GULF RESTORATION NETWORK; SIERRA CLUB; and CENTER FOR BIOLOGICAL DIVERSITY, <br><br>                 Plaintiffs, <br><br> v. <br><br> RYAN ZINKE, Secretary, U.S. Department of the Interior; JOSEPH BALASH, Assistant Secretary, Land and Minerals Management; U.S. DEPARTMENT OF THE INTERIOR; and BUREAU OF OCEAN ENERGY MANAGEMENT, <br><br>                 Defendants. | No. 1:18-cv-01674-RBW |

## [PROPOSED] ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENOR AMERICAN PETROLEUM INSTITUTE

Defendant-Intervenor American Petroleum Institute ("API") hereby answers and asserts its affirmative defenses with respect to the Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1.　　This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations, and denies that plaintiffs are entitled to any relief.

2.　　API admits that the Gulf of Mexico contains both federally-listed and unlisted species. API further admits that the Gulf of Mexico is economically important. API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the activities and interests of unidentified individuals residing in unidentified areas around the Gulf of Mexico. API denies the remaining allegations contained in this paragraph.

3.      API admits that the Gulf of Mexico is a significant source of offshore oil and gas exploration, development, and production.  API further admits that on April 20, 2010, the Deepwater Horizon caught fire and oil was spilled.  API admit that small-scale oil and chemical spills can occur in the course of offshore oil and gas development, and may be appropriately managed pursuant to government regulations and industry best practices.  API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the alleged number of platforms, wells, and oil and chemical spills.  API denies the remaining allegations contained in this paragraph.

4.      API admits that defendant Ryan Zinke is the Secretary of the United States Department of the Interior.  API further admits that in 2017, Secretary Zinke began to offer for sale leases pursuant to the 2017-2022 five-year oil and leasing program for the outer continental shelf ("OCS"), which includes ten proposed lease sales in the Gulf of Mexico OCS.  To the extent the allegations in this paragraph purport to characterize the five-year leasing program, the program documents speak for themselves and are the best evidence of their contents, and, therefore, no response is required.  To the extent the allegations in this paragraph purport to characterize unidentified decisions by Secretary Zinke regarding Department of Interior drilling regulations and requirements, those regulations and requirements speak for themselves and are the best evidence of their contents, and therefore, no response is required.  API denies the remaining allegations contained in this paragraph.

5.      API admits that the Department of the Interior's Bureau of Ocean Energy Management ("BOEM") held OCS lease sale 250 on March 21, 2018.  API avers that BOEM issued a record of decision approving lease sale 250 on February 8, 2018.  API admits that BOEM issued a record of decision approving OCS lease sale 251 on June 28, 2018, and held

lease sale 251 on August 15, 2018.  API further admits that BOEM assessed the environmental impacts of lease sales 250 and 251 pursuant to the National Environmental Policy Act ("NEPA").  API denies the remaining allegations contained in this paragraph.

6.      This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

7.      This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

8.      Denied.

9.      This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations, and denies that plaintiffs are entitled to any relief.

10.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

11.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

12.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

13.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Gulf Restoration Network, or its unidentified members.

14.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Sierra Club, or its unidentified members.

15.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Center for Biological Diversity, or its unidentified members.

16.     API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding the activities of plaintiffs, or their unidentified members. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations, and denies that plaintiffs are entitled to any relief.

17.     Admitted that defendant Ryan Zinke is the Secretary of the United States Department of the Interior.  To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

18.     Admitted that defendant Joe Balash is the Assistant Secretary of the Interior for Land Minerals Management.  To the extent this paragraph purports to characterize the Assistant Secretary's legal responsibilities, the relevant laws, regulations, and Secretarial decision documents speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

19.     Admitted that defendant U.S. Department of the Interior is a federal department within the Executive Branch.  To the extent this paragraph purports to characterize the Department's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

20.     Admitted that defendant BOEM is an agency within the Department of the Interior.  To the extent this paragraph purports to characterize BOEM's legal responsibilities, the relevant laws, regulations, and Secretarial decision documents speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

21.     This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

22.     This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and

completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

23.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

24.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

25.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

26.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their

contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

27.     This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

28.     This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

29.     This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

30.     This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the

Court to NEPA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

31.   This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required. API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

32.   This paragraph represents plaintiffs' characterization of the Outer Continental Shelf Lands Act ("OCSLA") and its implementing regulations and, accordingly, no response is required. API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

33.   This paragraph represents plaintiffs' characterization of OCSLA and, accordingly, no response is required. API respectfully refers the Court to OCSLA for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

34.   This paragraph represents plaintiffs' characterization of OCSLA and, accordingly, no response is required. API respectfully refers the Court to OCSLA for a complete and accurate

statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

35.    This paragraph represents plaintiffs' characterization of OCSLA and, accordingly, no response is required.  API respectfully refers the Court to OCSLA for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

36.    This paragraph represents plaintiffs' characterization of OCSLA and, accordingly, no response is required.  API respectfully refers the Court to OCSLA for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

37.    This paragraph represents plaintiffs' characterization of OCSLA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

38.    This paragraph represents plaintiffs' characterization of OCSLA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately

and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

39.     API admits that BOEM and the Bureau of Safety and Environmental Enforcement ("BSEE") are agencies within the Department of the Interior.   To the extent this paragraph purports to characterize BOEM's and BSEE's legal responsibilities, the relevant laws, regulations, and Secretarial decision documents speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

40.     This paragraph represents plaintiffs' characterization of OCSLA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

41.     This paragraph represents plaintiffs' characterization of OCSLA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

42.     This paragraph represents plaintiffs' characterization of OCSLA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately

and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

43.    This paragraph represents plaintiffs' characterization of OCSLA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to OCSLA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

44.    This paragraph represents plaintiffs' characterization of the Administrative Procedure Act ("APA") and, accordingly, no response is required.  API respectfully refers the Court to the APA for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

45.    This paragraph represents plaintiffs' characterization of the Administrative Procedure Act ("APA") and, accordingly, no response is required.  API respectfully refers the Court to the APA for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

46.    Admitted.

47.    API admits that the Gulf of Mexico borders five states.  API further admits that federally-listed species reside in the Gulf of Mexico, and that other non-listed species reside in

the Gulf of Mexico.   The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

48.     API admits that federally-listed species reside in the Gulf of Mexico, and that other non-listed species reside in the Gulf of Mexico.   API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding the Gulf of Mexico environment.   To the extent any response is required, API denies that the allegations accurately and completely describe the Gulf of Mexico environment.

49.     API admits that federally-listed species reside in the Gulf of Mexico.   API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding the Gulf of Mexico environment.   To the extent any response is required, API denies that the allegations accurately and completely describe the Gulf of Mexico environment.

50.     API admits that a wide range of businesses along the Gulf coast contribute to the regional and national economies.   API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding economic statistics from an unidentified source.

51.     API admits that oil and gas exploration, development, and production has occurred in the Gulf of Mexico for decades.   API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding alleged statistics on the number of Gulf platforms and wells from an unidentified source.

52.     API admits that offshore oil and gas exploration, development, and production may involve a variety of activities including seismic surveys, drilling, installation of pipelines and infrastructure, land and sea transport, and waste production.   API denies the remaining allegations contained in this paragraph.

53.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

54.     API admits that on April 20, 2010, the Deepwater Horizon caught fire, resulting in the death of eleven individuals and the release of oil into the Gulf of Mexico.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

55.     API admits that on April 20, 2010, the Deepwater Horizon caught fire, resulting in the release of oil into the Gulf of Mexico until the Macondo well was capped in July 2010.  API further admits that the April 2010 Macondo incident resulted in the largest oil spill from a well within United States jurisdiction, and was cleaned and contained with significant effort.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

56.     API admits that the Deepwater Horizon oil spill was cleaned and contained with significant effort.  API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding alleged oil spill statistics from an unidentified source.  To the extent any response is required, API denies that the allegations in that this paragraph accurately and completely describe the Macondo incident.

57.     API admits that on April 20, 2010, the Deepwater Horizon caught fire, resulting in the release of oil into the Gulf of Mexico until the Macondo well was capped in July 2010.  API is without information sufficient to form a belief as to the allegations contained in this

paragraph regarding alleged oil spill statistics from an unidentified source.  To the extent any response is required, API denies that the allegations in that this paragraph accurately and completely describe the Macondo incident.

58.     API admits that the Department of the Interior issued a Natural Resource Damage Assessment regarding the Deepwater Horizon oil spill.  The remainder of this paragraph represents plaintiffs' characterization of the Deepwater Horizon Oil Spill Natural Resource Damage Assessment.  API respectfully refers the Court to the Damage Assessment for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Damage Assessment.

59.     API admits that on April 20, 2010, the Deepwater Horizon caught fire, resulting in the release of oil into the Gulf of Mexico.  API further admits that federally-listed species reside in the Gulf of Mexico, and that other non-listed species reside in the Gulf of Mexico.  API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding alleged oil spill statistics and impacts from unidentified "[s]cientists."  To the extent any response is required, API denies that the allegations in that this paragraph accurately and completely describe the Macondo incident.

60.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

61.     API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding alleged statistics on offshore oil and gas development.  To the extent any response is required, API denies that the allegations accurately and completely summarize oil and gas exploration, development, and production in the Gulf of Mexico.  The

remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

62.     API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding alleged statistics on offshore oil and gas development from unidentified Department of Interior "records."   API respectfully refers the Court to the Department of Interior's records for a complete and accurate statement of their contents.  To the extent any response is required, API denies that the allegations accurately and completely summarize oil and gas exploration, development, and production in the Gulf of Mexico.

63.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

64.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

65.     API admits that the Department of the Interior promulgated regulations governing offshore oil and gas exploration, development, and production following the Macondo incident. The remainder of this paragraph represents plaintiffs' characterization of the regulations.  API respectfully refers the Court to the regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the regulations.

66.     API admits that on April 29, 2016, BSEE issued a regulation entitled, "Oil and Gas and Sulphur Operations in the Outer Continental Shelf—Blowout Preventer Systems and

Well Control" ("Well Control Rule").  The remainder of this paragraph represents plaintiffs' characterization of the Well Control Rule.  API respectfully refers the Court to the Well Control Rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Well Control Rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

67.     API admits that on September 7, 2016, BSEE issued a regulation entitled, "Oil and Gas and Sulphur Operations in the Outer Continental Shelf—Oil and Gas Production Safety Systems" ("Safety Systems Rule").  The remainder of this paragraph represents plaintiffs' characterization of the Safety Systems Rule.  API respectfully refers the Court to the Safety Systems Rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Safety Systems Rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

68.     API admits that President Trump issued Executive Order 13783 on March 28, 2017.  The remainder of this paragraph represents plaintiffs' characterization of Executive Order 13783.  API respectfully refers the Court to Executive Order 13783 for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes Executive Order 13783 or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

69.     API admits that Secretary Zinke issued Secretarial Order 3350 on May 1, 2017.  The remainder of this paragraph represents plaintiffs' characterization of Secretarial Order 3350.  API respectfully refers the Court to Secretarial Order 3350 for a complete and accurate statement

of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes Secretarial Order 3350 or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

70.     API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding BSEE's unidentified November 2017 "proposals" to revise the Well Control Rule and Safety Systems Rule.  To the extent any response is required, API denies that the allegations accurately and completely summarize the unidentified "proposals," or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

71.     API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the Office of Management and Budget's review of BSEE's proposed rule relating to the Well Control Rule.  The remainder of this paragraph represents plaintiffs' characterization of the proposed rule.  API respectfully refers the Court to the proposed rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

72.     API admits that on December 29, 2017, BSEE issued a proposed regulation entitled, "Oil and Gas and Sulphur Operations in the Outer Continental Shelf—Oil and Gas Production Safety Systems—Revisions" ("Revised Safety Systems Rule").  The remainder of this paragraph represents plaintiffs' characterization of the Revised Safety Systems Rule.  API respectfully refers the Court to the Revised Safety Systems Rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph

accurately and completely summarizes the Revised Safety Systems Rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

73.     API admits that on May 11, 2018, BSEE issued a proposed regulation entitled, "Oil and Gas and Sulphur Operations in the Outer Continental Shelf—Blowout Preventer Systems and Well Control Revisions" ("Revised Well Control Rule").  The remainder of this paragraph represents plaintiffs' characterization of the Revised Well Control Rule.  API respectfully refers the Court to the Revised Well Control Rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Revised Well Control Rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

74.     This paragraph represents plaintiffs' characterization of the Revised Well Control Rule.  API respectfully refers the Court to the Revised Well Control Rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Revised Well Control Rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

75.     API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding unidentified "recogni[tion]" by BOEM.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  API denies the remaining allegations contained in this paragraph.

76.     This paragraph represents plaintiffs' characterization of Executive Order 13783. API respectfully refers the Court to Executive Order 13783 for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes Executive Order 13783 or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

77.     This paragraph represents plaintiffs' characterization of the Clean Power Plan. API respectfully refers the Court to the Clean Power Plan for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Clean Power Plan or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

78.     API admits that on October 16, 2017, the Environmental Protection Agency ("EPA") issued a regulation entitled, "Repeal of Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric Utility Generating Units" ("Repeal Rule").  The remainder of this paragraph represents plaintiffs' characterization of the Repeal Rule.  API respectfully refers the Court to the Repeal Rule for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Repeal Rule or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

79.     API admits that the Department of the Interior announced a 12.5% royalty rate for leases located in less than 200 meters of water in Gulf of Mexico lease sale 249.  The remainder of this paragraph represents plaintiffs' characterization of the announcement.  API respectfully refers the Court to the announcement for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely

summarizes the announcement or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

80.     API admits that the United States has been experiencing an energy renaissance. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

81.     API admits that the Gulf of Mexico is divided into the Western, Central, and Eastern Planning Areas.  API further admits that the Department of the Interior conducted a region-wide Gulf of Mexico lease sale in 2017, excepting areas subject to a congressional moratorium on leasing.  API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the historical scope of Gulf of Mexico lease sales.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the history of Gulf of Mexico lease sales, or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

82.     API admits that the Western Planning Area extends roughly from the Texas-Louisiana border to the Mexico border, the Central Planning Area extends roughly from the Texas-Louisiana border to the Alabama-Florida border, and the Eastern Planning Area covers Gulf of Mexico waters roughly from the Alabama-Florida border to the straits of Florida.  The remainder of this paragraph represents plaintiffs' characterization of Gulf of Mexico Energy Security Act of 2006.  API respectfully refers the Court to that Act for a complete and accurate statement of its contents.

83.     API admits that the Department of the Interior published a proposed five-year leasing program on March 15, 2016.  This paragraph represents plaintiffs' characterization of

proposed program and, accordingly, no response is required.  API respectfully refers the Court to proposed program for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed program.  API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding plaintiffs' economic speculation.  To the extent any response is required, API denies that plaintiffs' speculation completely and accurately summarizes offshore oil and gas exploration, development, and production.

84.     API admits that BOEM prepared an Environmental Impact Statement ("EIS") to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251.  The remainder of this paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.

85.     API admits that groups, including plaintiffs, submitted comments to BOEM on the three EISs.  This paragraph represents plaintiffs' characterization of the submitted comments on three EISs and, accordingly, no response is required.  API respectfully refers the Court to the submitted comments on the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the submitted comments on the three EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

86.     API admits that BOEM released a draft programmatic EIS considering the 2017-2022 five-year leasing program on March 18, 2016.  The remainder of this paragraph represents plaintiffs' characterization of the draft programmatic EIS and, accordingly, no response is required.  API respectfully refers the Court to the draft programmatic EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the draft programmatic EIS.

87.     API admits that BOEM issued a final programmatic EIS considering the 2017-2022 five-year leasing program on November 18, 2016.  The remainder of this paragraph represents plaintiffs' characterization of the final programmatic EIS and, accordingly, no response is required.  API respectfully refers the Court to the final programmatic EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final programmatic EIS.

88.     API admits that the former Secretary of the Interior approved the 2017-2022 five-year leasing program on January 17, 2017, and issued a record of decision for the final programmatic EIS considering the 2017-2022 five-year leasing program.  The remainder of this paragraph represents plaintiffs' characterization of the 2017-2022 five-year leasing program and, accordingly, no response is required.  API respectfully refers the Court to the 2017-2022 five-year leasing program for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the 2017-2022 five-year leasing program.

89.     API admits that in April 2016 BOEM issued a draft programmatic EIS considering the proposed lease sales under the 2017-2022 five-year leasing program.  The remainder of this paragraph represents plaintiffs' characterization of the draft programmatic EIS

and, accordingly, no response is required.   API respectfully refers the Court to the draft programmatic EIS for a complete and accurate statement of its contents.   To the extent any response is required, API denies that this paragraph accurately and completely summarizes the draft programmatic EIS.

90.   API admits that in March 2017 BOEM issued a final programmatic EIS considering the proposed lease sales under the 2017-2022 five-year leasing program.   The remainder of this paragraph represents plaintiffs' characterization of the final programmatic EIS and, accordingly, no response is required.   API respectfully refers the Court to the final programmatic EIS for a complete and accurate statement of its contents.   To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final programmatic EIS.

91.   API admits that on August 19, 2016, BOEM published a notice of intent to prepare a supplemental EIS considering Gulf of Mexico lease sales 250 and 251.   The remainder of this paragraph represents plaintiffs' characterization of the notice of intent and, accordingly, no response is required.   API respectfully refers the Court to the notice of intent for a complete and accurate statement of its contents.   To the extent any response is required, API denies that this paragraph accurately and completely summarizes the notice of intent.

92.   API admits that on March 31, 2017, BOEM published a notice of availability for a draft supplemental EIS considering Gulf of Mexico lease sales 250 and 251.   The remainder of this paragraph represents plaintiffs' characterization of the draft supplemental EIS and, accordingly, no response is required.   API respectfully refers the Court to the draft supplemental EIS for a complete and accurate statement of its contents.   To the extent any response is required,

API denies that this paragraph accurately and completely summarizes the draft supplemental EIS.

93.     Admitted.

94.     API admits that on December 15, 2017, BOEM published a notice of availability for a final supplemental EIS considering Gulf of Mexico lease sales 250 and 251.  The remainder of this paragraph represents plaintiffs' characterization of the final supplemental EIS and, accordingly, no response is required.  API respectfully refers the Court to the final supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final supplemental EIS.

95.     API admits that on October 26, 2017, BOEM published a notice of availability of the proposed notice of sale for proposed Gulf of Mexico lease sale 250.  The remainder of this paragraph represents plaintiffs' characterization of the proposed notice of sale and, accordingly, no response is required.  API respectfully refers the Court to the proposed notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed notice of sale.

96.     This paragraph represents plaintiffs' characterization of the proposed notice of sale for Gulf of Mexico lease sale 250 and, accordingly, no response is required.  API respectfully refers the Court to the proposed notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed notice of sale.

97.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API

denies that this paragraph accurately and completely summarizes the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

98.     API admits that on February 8, 2018, defendant Joseph Balash signed a record of decision to hold Gulf of Mexico lease sale 250 on March 21, 2018.  This paragraph also represents plaintiffs' characterization of the record of decision and, accordingly, no response is required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

99.     This paragraph represents plaintiffs' characterization of the record of decision and, accordingly, no response is required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

100.    API admits that on February 16, 2018, BOEM published a final notice of sale for proposed Gulf of Mexico lease sale 250.  The remainder of this paragraph represents plaintiffs' characterization of the final notice of sale and, accordingly, no response is required.  API respectfully refers the Court to the final notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final notice of sale.

101.    Admitted.

102.     This paragraph represents plaintiffs' characterization of the final notice of sale for Gulf of Mexico lease sale 250 and, accordingly, no response is required.  API respectfully refers the Court to the final notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final notice of sale.

103.     API admits that on April 3, 2018, BOEM published a notice of availability of the proposed notice of sale for proposed Gulf of Mexico lease sale 251.  The remainder of this paragraph represents plaintiffs' characterization of the proposed notice of sale and, accordingly, no response is required.  API respectfully refers the Court to the proposed notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed notice of sale.

104.     This paragraph represents plaintiffs' characterization of the proposed notice of sale for Gulf of Mexico lease sale 251 and, accordingly, no response is required.  API respectfully refers the Court to the proposed notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed notice of sale.

105.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

106.     API admits that on June 28, 2018, defendant Joseph Balash signed a record of decision to hold Gulf of Mexico lease sale 251 on August 15, 2018.  This paragraph also represents plaintiffs' characterization of the record of decision and, accordingly, no response is

required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

107.    This paragraph represents plaintiffs' characterization of the record of decision on Gulf of Mexico lease sale 251 and, accordingly, no response is required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.

108.    API admits that on July 16, 2018, BOEM published a final notice of sale for proposed Gulf of Mexico lease sale 251.  The remainder of this paragraph represents plaintiffs' characterization of the final notice of sale and, accordingly, no response is required.  API respectfully refers the Court to the final notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final notice of sale.

109.    This paragraph represents plaintiffs' characterization of the final notice of sale for proposed Gulf of Mexico lease sale 251 and, accordingly, no response is required.  API respectfully refers the Court to the final notice of sale for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the final notice of sale.

110.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

111.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

112.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

113.    API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. This paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

114.    This paragraph represents plaintiffs' characterization of the EIS analyzing the 2017-2022 five-year leasing program and, accordingly, no response is required.  API respectfully refers the Court to the EIS analyzing the 2017-2022 five-year leasing program for a complete and accurate statement of its contents.  To the extent any response is required, API denies that

this paragraph accurately and completely summarizes the EIS analyzing the 2017-2022 five-year leasing program.

115.    This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and, accordingly, no response is required.  API respectfully refers the Court to the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program.

116.    This paragraph represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required.  API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS.

117.    This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.

118.    This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required.

API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.

119.    API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. This paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

120.    API admits that plaintiffs submitted comments on the draft supplemental EIS considering Gulf of Mexico lease sales 250 and 251.  API further admits that BOEM responded to plaintiffs' comments.  This paragraph represents plaintiffs' characterization of plaintiffs' comments and BOEM's response and, accordingly, no response is required.  API respectfully refers the Court to plaintiffs' comments and BOEM's response for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes plaintiffs' comments and BOEM's response. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

121.    API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the Office of Management and Budget's review of BSEE's proposed Revised Well Control Rule and Revised Safety Systems Rule.   This paragraph represents plaintiffs' characterization of the proposed rules.   API respectfully refers the Court to the proposed rules for a complete and accurate statement of its contents.   To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed rules or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.   The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.   To the extent any response is required, API denies the allegations.

122.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.   To the extent any response is required, API denies the allegations.

123.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.   To the extent any response is required, API denies the allegations.   To the extent this paragraph purports to characterize the Secretary of the Interior's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

124.    This paragraph represents plaintiffs' characterization of the proposed Revised Well Control Rule and Revised Safety Systems Rule.   API respectfully refers the Court to the proposed rules for a complete and accurate statement of its contents.   To the extent any response is required, API denies that this paragraph accurately and completely summarizes the proposed rules or the statutory and regulatory regime governing offshore oil and gas exploration,

development, and production.   The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

125.   Denied.

126.   This paragraph represents plaintiffs' characterization of the record of decision on Gulf of Mexico lease sale 251 and, accordingly, no response is required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

127.   API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. This paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.   The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.   To the extent any response is required, API denies the allegations.

128.   This paragraph represents plaintiffs' characterization of a February 2016 Government Accountability Office ("GAO") report and, accordingly, no response is required. API respectfully refers the Court to the GAO report for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the GAO report or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

129.   API admits that groups, including plaintiffs, submitted comments to BOEM on the three EISs.  This paragraph represents plaintiffs' characterization of the submitted comments on three EISs and, accordingly, no response is required.  API respectfully refers the Court to the submitted comments on the three EISs for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the submitted comments on the three EISs.

130.   API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. This paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and

therefore requires no response. To the extent any response is required, API denies the allegations.

131.   Denied.

132.   This paragraph represents plaintiffs' characterization of the supplemental EIS considering Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

133.   This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

134.   This paragraph represents plaintiffs' characterization of the supplemental EIS considering Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

135.   This paragraph represents plaintiffs' characterization of the supplemental EIS considering Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement

of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

136.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

137.     This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

138.     API admits that on March 31, 2017, BOEM published a notice of availability for a draft supplemental EIS considering Gulf of Mexico lease sales 250 and 251.  The remainder of this paragraph represents plaintiffs' characterization of the draft supplemental EIS and, accordingly, no response is required.  API respectfully refers the Court to the draft supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the draft supplemental EIS.

139.     This paragraph represents plaintiffs' characterization of the draft supplemental EIS considering Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required.  API respectfully refers the Court to the draft supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the draft supplemental EIS.

140.    API admits that the Department of the Interior announced a 12.5% royalty rate for leases located in less than 200 meters of water in Gulf of Mexico lease sale 249.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

141.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

142.    This paragraph represents plaintiffs' characterization of the draft and final supplemental EISs considering Gulf of Mexico lease sales 250 and 251, and, accordingly, no response is required.  API respectfully refers the Court to the draft and final supplemental EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the draft and final supplemental EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

143.    This paragraph represents plaintiffs' characterization of the record of decision on Gulf of Mexico lease sale 251 and, accordingly, no response is required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  The remainder of this paragraph represents a

characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

144.   Denied.

145.   API admits that BOEM prepared an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251.  This paragraph represents plaintiffs' characterization of the EISs and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

146.   This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

147.   API admits that BOEM prepared an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251.  This paragraph represents plaintiffs' characterization of the EISs and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

148.    API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the historical scope of Gulf of Mexico lease sales.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the history of Gulf of Mexico lease sales, or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

149.    API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding plaintiffs' economic speculation.  To the extent any response is required, API denies that plaintiffs' speculation completely and accurately summarizes offshore oil and gas exploration, development, and production.  This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal

conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

150.     API admits that the United States has been experiencing an energy renaissance, and that industry advancements in technology and techniques have played a significant role. This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

151.     This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

152.     This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required.

API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

153.    This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

154.    API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. This paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

155.   This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

156.   This paragraph represents plaintiffs' characterization of the Clean Power Plan. API respectfully refers the Court to the Clean Power Plan for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Clean Power Plan or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  This paragraph represents plaintiffs' characterization of the EIS analyzing the proposed lease sales under the 2017-2022 five-year leasing program and the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required.  API respectfully refers the Court to the EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the EISs.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

157.   API admits that on October 16, 2017, the EPA issued a regulation entitled, "Repeal of Carbon Pollution Emission Guidelines for Existing Stationary Sources: Electric

Utility Generating Units."  API further admits that plaintiffs submitted comment to BOEM on the draft supplemental EIS considering Gulf of Mexico lease sales 250 and 251.  This paragraph represents plaintiffs' characterization of their comments and, accordingly, no response is required.  API respectfully refers the Court to the comments for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the comments or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

158.    This paragraph represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required.  API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

159.    API incorporates by reference its answers to paragraphs 1-158.

160.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

161.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

162.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

163.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

164.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

165.    API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year

leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. The remainder of this paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.

166.   This paragraph represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

167.   This paragraph represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

168.   Denied.

169.   This paragraph represents plaintiffs' characterization of the record of decision on Gulf of Mexico lease sale 251 and, accordingly, no response is required.  API respectfully refers the Court to the record of decision for a complete and accurate statement of its contents.  To the

extent any response is required, API denies that this paragraph accurately and completely summarizes the record of decision or the statutory and regulatory regime governing offshore oil and gas exploration, development, and production. This paragraph also represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required. API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production. This paragraph further represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

170.    This paragraph represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

171.    This paragraph represents plaintiffs' characterization of the supplemental EIS analyzing Gulf of Mexico lease sales 250 and 251 and, accordingly, no response is required. API respectfully refers the Court to the supplemental EIS for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the supplemental EIS.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

172.    Denied.

173.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

174.    API incorporates by reference its answers to paragraphs 1-173.

175.    This paragraph represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

176.    API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. The remainder of this paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required.  API respectfully refers the Court to the three EISs for a

complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.

177. API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. The remainder of this paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required. API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

178. API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. The remainder of this paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required. API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs. This paragraph also represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required. API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes

the statutory and regulatory regime applicable to oil and gas exploration, development, and production. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

179. API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. The remainder of this paragraph represents plaintiffs' characterization of the three EISs and, accordingly, no response is required. API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs. This paragraph also represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required. API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

180. API admits that BOEM prepared an EIS to analyze the 2017-2022 five-year leasing program, an EIS to analyze the proposed lease sales under the 2017-2022 five-year leasing program, and a supplemental EIS to analyze Gulf of Mexico lease sales 250 and 251. The remainder of this paragraph represents plaintiffs' characterization of the three EISs and,

accordingly, no response is required.  API respectfully refers the Court to the three EISs for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the three EISs.  This paragraph also represents plaintiffs' characterization of NEPA and its implementing regulations and, accordingly, no response is required.  API respectfully refers the Court to NEPA and the implementing regulations for a complete and accurate statement of their contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.  The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

181.    Denied.

182.    This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, API denies the allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiffs lack standing.

2.    Plaintiffs have failed to state a claim upon which relief can be granted.

3.    Plaintiffs failed to exhaust administrative remedies.

4.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

5.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

6.      Plaintiffs are not entitled to any of the relief requested in the Complaint because the hardship that would be imposed by such relief is greatly disproportionate to any hardship that plaintiffs or those they purport to represent might suffer in its absence.

WHEREFORE, API prays this Court deny plaintiffs' request for relief, dismiss the complaint with prejudice and grant such further relief as the Court deems appropriate.

Respectfully submitted,

*/s/  Steven J. Rosenbaum*
Steven J. Rosenbaum
 D.C. Bar No. 331728
Bradley K. Ervin
 D.C. Bar No. 982559
COVINGTON & BURLING, LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001
Phone:  (202) 662-6000
Fax:  (202) 662-6291
srosenbaum@cov.com

September 21, 2018

*Counsel for Defendant-Intervenor American Petroleum Institute*