# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GULF RESTORATION NETWORK, et al.,<br><br>     Plaintiffs,<br><br> v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, et al.,<br><br>     Defendants,<br><br> and<br><br>AMERICAN PETROLEUM INSTITUTE, et al.,<br><br>     Intervenor-Defendants. | Civil Action No. 18-1674 (RBW) |
| HEALTHY GULF, et al.,<br><br>     Plaintiffs,<br><br> v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, et al.,<br><br>     Defendants. | Civil Action No. 19-707 (RBW) |

**ORDER**

On July 16, 2018, the plaintiffs in Gulf Restoration Network v. Bernhardt, Civ. Action No. 18-1674, instituted a civil action against the United States Department of the Interior ("Interior") and various Interior officials, "challeng[ing] the [allegedly] unlawful decisions by [the defendants] . . . to hold Offshore Lease Sales 250 and 251 in the Gulf of Mexico in reliance

on arbitrary environmental analyses, in violation of the National Environmental Policy Act (NEPA)[, 42 U.S.C. §§ 4321–4320m-12 (2018)], and the Administrative Procedure Act (APA)[, 5 U.S.C. §§ 701–706 (2018)]." Complaint for Declaratory and Injunctive Relief ¶ 1, Gulf Restoration Network v. Bernhardt, Civ. Action No. 18-1674 ("18-1674 Compl."). Thereafter, the same plaintiffs[1] instituted a new civil action, Healthy Gulf v. Bernhardt, Civ. Action No. 19-707, against the same defendants, "challeng[ing] the [allegedly] unlawful decision by [the defendants] to hold [Offshore] Lease Sale 252 in the Gulf of Mexico in reliance on arbitrary environmental analyses, in violation of the . . . []NEPA[] and the . . . []APA[]." Complaint for Declaratory and Injunctive Relief ¶ 1, Healthy Gulf v. Bernhardt, Civ. Action 19-707 ("19-707 Compl.").

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); see Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys., 770 F. Supp. 2d 283, 286 (D.D.C. 2011) ("Consolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases sua sponte."). Although the two Complaints concern different lease sales, it appears to the Court that the above-captioned matters involve common questions of law or fact because the plaintiffs' phrasing of the causes of action is identical in both Complaints. Compare 18-1674 Compl. ¶¶ 159–82, with 19-707 Compl. ¶¶ 145–68. Accordingly, it is hereby

---

[1] According to the plaintiffs' Complaint in Healthy Gulf, Gulf Restoration Network and Healthy Gulf are the same entity. See Complaint for Declaratory and Injunctive Relief ¶ 13, Healthy Gulf v. Bernhardt, Civ. Action No. 19-707 (alleging that Gulf Restoration Network changed its name to Healthy Gulf).

**ORDERED** that the parties in the above-captioned matters shall appear before the Court for a status conference on June 10, 2019, at 11:30 a.m., to discuss whether these cases should be consolidated.

**SO ORDERED** this 4th day of June, 2019.

REGGIE B. WALTON
United States District Judge
